## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUITY FORWARD**<br>85 Broad Street<br>New York, NY 10004,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF HEALTH AND**<br>    **HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1)  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.   Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Health and Human Services to disclose requested agency records.

### Jurisdiction and Venue

(2)  This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### The Parties

(3)  Plaintiff Equity Forward is a watchdog organization that seeks to ensure transparency and accountability among anti-reproductive health groups and individuals who are actively working to deny people access to services.  Equity Forward is based in New York, NY.

(4)  Defendant Department of Health and Human Services ("HHS") is a department of

the Executive Branch of the United States Government.  Defendant is an "agency" within the

meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Requests and Defendant's Lack of Responses**

(5)  By letter to defendant dated January 24, 2018, plaintiff requested under the FOIA

copies of agency records.  Specifically, plaintiff requested:

> all digital correspondence involving any of the following contractors for the
> Department of Health and Human Services, Office for Civil Rights at any point
> between and including January 15, 2018 to January 19, 2018:
>
> o Mandi Ancalle, Policy Advisor
> o Daniel Balserak, Senior Policy Advisor
> o Arina Grossu, Outreach Advisor
> o David Hyams, Senior Enforcement Advisor
>
> "Digital correspondence" should include but not be limited to copies of emails
> sent by, sent to, or carbon copying ("CC") any of these HHS contractors and any
> correspondence sent by, or to any of these contractors via messaging platform(s),
> including but not limited to Google Hangouts (Gchat), Slack, Lync or Signal.

Plaintiff requested a waiver of processing fees associated with its FOIA request because

"disclosure of the requested information is in the public interest because it is likely to contribute

significantly to public understanding of government operations and is not primarily in the

commercial interest of the requester."

(6)  By email to plaintiff dated January 24, 2018, defendant acknowledged receipt of

plaintiff's FOIA request described in ¶5.  Defendant informed plaintiff that its FOIA request was

assigned Case Number 2018-00482-FOIA-OS.

(7)  By letter to defendant dated January 24, 2018, plaintiff requested under the FOIA

copies of agency records.  Specifically, plaintiff requested:

> all digital correspondence involving the following employees of the Office for

Civil Rights at any point between and including March 1, 2017 and the fulfillment
of this request:

Roger Severino, Director
March Bell, Chief of Staff

Specifically, [we] request all correspondence sent by, sent to or carbon-copying
("CC") these individuals during this time period that includes any of the keywords
or phrases listed below:

o "Conscience and Religious Freedom"
o "Rights of Conscience"
o "Conscience Rights"
o "Religious Freedom"
o "Religious liberty"
o "RFRA"

"Digital correspondence" should include but not be limited to copies of emails
sent by, sent to, or carbon copying ("CC") Severino and any correspondence sent
by, or to Severino via messaging platform(s), including but not limited to Google
Hangouts (Gchat), Slack, Lync or Signal.

Plaintiff requested a waiver of processing fees associated with its FOIA request because

"disclosure of the requested information is in the public interest because it is likely to contribute

significantly to public understanding of government operations and is not primarily in the

commercial interest of the requester."

(8)  By email to plaintiff dated January 24, 2018, defendant acknowledged receipt of

plaintiff's FOIA request described in ¶7.  Defendant informed plaintiff that its FOIA request was

assigned Case Number 2018-00483-FOIA-OS.

(9)  By letter to defendant dated January 24, 2018, plaintiff requested under the FOIA

copies of agency records.  Specifically, plaintiff requested:

all digital correspondence involving any of the following employees of the
Department of Health and Human Services, Office for Civil Rights at any point
between and including January 15, 2018 to January 19, 2018:

o March Bell, Chief of Staff
o Louis A. Brown, Senior Advisor for Operations

o Justin Butterfield, Senior Advisor for HIPAA
o Maya Noronha, Special Advisor

"Digital correspondence" should include but not be limited to copies of emails
sent by, sent to, or carbon copying ("CC") any of these HHS officials and any
correspondence sent by, or to any of these HHS officials via messaging
platform(s), including but not limited to Google Hangouts (Gchat), Slack, Lync or
Signal.

Plaintiff requested a waiver of processing fees associated with its FOIA request because

"disclosure of the requested information is in the public interest because it is likely to contribute

significantly to public understanding of government operations and is not primarily in the

commercial interest of the requester."

(10)  By email to plaintiff dated January 24, 2018, defendant acknowledged receipt of

plaintiff's FOIA request described in ¶9.  Defendant informed plaintiff that its FOIA request was

assigned Case Number 2018-00487-FOIA-OS.

(11)  By letter to defendant dated January 24, 2018, plaintiff requested under the FOIA

copies of agency records.  Specifically, plaintiff requested:

all digital correspondence involving any of the following employees of the Office
for Civil Rights between March 23, 2017 and the fulfillment of this request:

Roger Severino, Director
March Bell, Chief of Staff

Specifically, [we] request all correspondence sent by, sent to or carbon-copying
("CC") these individuals during this time period that involves the listed
independent groups:

Independent Groups

Americans United for Life (E-mail addresses ending in @aul.org)
The Heritage Foundation AKA "Heritage" (E-mail addresses ending in
  @heritage.org)
Judicial Crisis Network (E-mail addresses ending in @judicialnetwork.com)
Alliance Defending Freedom (E-mail addresses ending in @adflegal.org)
Becket (E-mail addresses ending in @becketlaw.org)
First Liberty Institute (E-mail addresses ending in @firstliberty.org)

Thomas More Society (E-mail addresses ending in @thomasmoresociety.org)

"Digital correspondence" should include but not be limited to copies of emails sent by, sent to, or carbon copying ("CC") Severino and/or Bell and any correspondence sent by, or to Severino and/or Bell via messaging platform(s), including but not limited to Google Hangouts (Gchat), Slack, Lync or Signal.

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(12)  By email to plaintiff dated January 24, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶11.  Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00492-FOIA-OS.

(13)  By letter to defendant dated January 26, 2018, plaintiff requested under the FOIA copies of agency records.  Specifically, plaintiff requested:

all records associated with complaints made to the Office for Civil Rights in relation to its enforcement of conscience protection statutes submitted between and including January 20, 2017 and the fulfillment of this request:

This should include but not be limited to: records showing the facilities, states, organizations or individuals that filed complaints; the length of time between the complaints, investigations of the complaints and the conclusion of investigations; the total number of complaints filed between these dates; the date of complaints; the OCR staff members assigned review of complaints and investigations; and any other documents regarding the reporting of these complaints to the Office for Civil Rights.

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(14)  By email to plaintiff dated January 26, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶13.  Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00506-FOIA-OS.

(15)  By letter to defendant dated January 26, 2018, plaintiff requested under the FOIA copies of agency records.  Specifically, plaintiff requested:

> all records associated with the Office for Civil Rights' eight investigations under its authorities, cited in the U.S. Department Of Health and Human Services' 2017 Year of Accomplishments report.

> This should include all materials gathered during the investigations: notes, transcripts or recordings concerning any interviews conducted during the investigations, any reports produced during the investigation, and any other documents that describe the methodology used or information obtained during the investigation.

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(16)  By email to plaintiff dated January 26, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶15.  Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00507-FOIA-OS.

(17)  By letter to defendant dated February 21, 2018, plaintiff requested under the FOIA copies of agency records.  Specifically, plaintiff requested:

> all correspondence, communications, meeting notices, meeting agendas, informational material, draft legislation, talking points and any other materials exchanged between personnel of the Health and Human Services Congressional Liaison Office and the following members of Congress and/or their staff members, regarding the Office of Civil Rights' new Conscience and Religious Freedom Division, between and including January 20, 2017 and the fulfillment of this request:

Trey Gowdy, Chairman, House Committee on Oversight & Government Reform
John Duncan, Member, House Committee on Oversight & Government Reform
Paul Gosar, Member, House Committee on Oversight & Government Reform
Blake Farenthold, Member, House Committee on Oversight & Government
    Reform
Virginia Foxx, Member, House Committee on Oversight & Government Reform
Ron DeSantis, Member, House Committee on Oversight & Government Reform
Mark Meadows, Member, House Committee on Oversight & Government Reform
Mark Walker, Member, House Committee on Oversight & Government Reform
Rod Blum, Member, House Committee on Oversight & Government Reform
Jody Hice, Member, House Committee on Oversight & Government Reform
Steve Russell, Member, House Committee on Oversight & Government Reform
Glenn Grothman, Member, House Committee on Oversight & Government
    Reform
Gary J. Palmer, Member, House Committee on Oversight & Government Reform
Greg Gianforte, Member, House Committee on Oversight & Government Reform
Paul Mitchell, Member, House Committee on Oversight & Government Reform
James Comer, Member, House Committee on Oversight & Government Reform
Thomas Massie, Member, House Committee on Oversight & Government Reform
Scott DesJarlais, Member, House Committee on Oversight & Government
    Reform
Michael Burgess, Chairman, House Energy and Commerce Committee, Health
    Subcommittee
Brett Guthrie, Member, House Energy and Commerce Committee, Health
    Subcommittee
Joe Barton, Member, House Energy and Commerce Committee, Health
    Subcommittee
John Shimkus, Member, House Energy and Commerce Committee, Health
    Subcommittee
Marsha Blackburn, Member, House Energy and Commerce Committee, Health
    Subcommittee
Robert Latta, Member, House Energy and Commerce Committee, Health
    Subcommittee
Cathy McMorris Rogers, Member, House Energy and Commerce Committee,
    Health Subcommittee
Morgan Griffith, Member, House Energy and Commerce Committee, Health
    Subcommittee
Gus Bilirakis, Member, House Energy and Commerce Committee, Health
    Subcommittee
Billy Long, Member, House Energy and Commerce Committee, Health
Subcommittee
Larry Bucshon, Member, House Energy and Commerce Committee, Health
    Subcommittee
Markwayne Mullin, Member, House Energy and Commerce Committee, Health
    Subcommittee
Richard Hudson, Member, House Energy and Commerce Committee, Health

Subcommittee
Buddy Carter, Member, House Energy and Commerce Committee, Health
    Subcommittee
Tim Scott, Member, Senate Committee on Health, Education, Labor & Pensions
Pat Roberts, Member, Senate Committee on Health, Education, Labor & Pensions
Todd Young, Member, Senate Committee on Health, Education, Labor &
    Pensions
Michael Enzi, Member, Senate Committee on Health, Education, Labor &
    Pensions
Rand Paul, Member, Senate Committee on Health, Education, Labor & Pensions
Bill Cassidy, Member, Senate Committee on Health, Education, Labor &
    Pensions
Johnny Isakson, Member, Senate Committee on Health, Education, Labor &
    Pensions
Orrin Hatch, Member, Senate Committee on Health, Education, Labor & Pensions
Richard Burr, Member, Senate Committee on Health, Education, Labor &
    Pensions

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(18)  By email to plaintiff dated February 21, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶17.  Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00632-FOIA-OS.

(19)  By letter to defendant dated April 24, 2018, plaintiff requested that it be classified as a "representative of the news media" within the meaning of the FOIA and the applicable HHS regulation, 45 CFR § 5.3, for purposes of assessing processing fees for its FOIA requests.

(20)  To date, plaintiff has not received determinations or any responses from defendant concerning the FOIA requests described in ¶¶5, 7, 9, 11, 13, 15 and 17.

**CAUSE OF ACTION**

**Violation of the Freedom of Information Act for
Wrongful Withholding of Agency Records**

(21)  Plaintiff repeats and realleges paragraphs 1-20.

(22)  Plaintiff has exhausted the applicable and available administrative remedies with

respect to defendant's processing of plaintiff's FOIA requests described in ¶¶5, 7, 9, 11, 13, 15

and 17.

(23)  Defendant has wrongfully withheld the requested records from plaintiff by failing to

comply with the statutory time limit for rendering determinations or responses to plaintiff's

FOIA requests described in ¶¶5, 7, 9, 11, 13, 15 and 17.

(24)  Plaintiff is entitled to injunctive and declaratory relief with respect to the release

and disclosure of the requested documents.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A.  Order defendant Department of Health and Human Services to disclose all non-
exempt records responsive to plaintiff's FOIA request immediately, with all processing
fees waived;

B.  Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C.  Provide for expeditious proceedings in this action;

D.  Award plaintiff its costs and reasonable attorneys fees incurred in this action;
and

E.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*